MACKENZIE & SHEA *vs.* R. I. HOSPITAL TRUST CO.

DECEMBER 3, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, J.J.

(1) *Writs of error. Evidence.*

On a writ of error to review a decree of a probate court the appellate court will not receive extrinsic evidence regarding the error alleged but will look solely to the record.

(2) *Probate Law and Proceedings. Filing Claims against Estate after Expiration of Year. Form of Petition.*

Under the liberal practice pertaining to proceedings in probate courts, in the absence of an order for particulars, a petition filed after the expiration of the year within which claims against estates are to be filed, seeking leave to file a claim against an estate in general terms, is broad enough to warrant an application for relief under either proviso of sec. 1, cap. 1937, Pub. Laws, 1920, and the petition was before the court upon both; and therefore a decree denying relief will be interpreted as meaning that petitioner did not merit relief upon any ground within the court's jurisdiction.

(3) *Writs of Error.*

A writ of error may not be employed for the review of questions of fact nor for the correction of errors or abuses in courts of inferior jurisdiction where other remedy is expressly provided by law.

(4) *Writs of Error.*

When jurisdiction to correct error in an inferior court is in the first instance expressly conferred by statute upon a court other than the supreme court, such *original* appellate jurisdiction is exclusive. This does not conflict with the constitutional provision giving to the supreme court *final* revisory and appellate jurisdiction.

(5)   *Probate Law.   Filing Claim against Estate after Expiration of Year.   Review.   Discretion.*

The denial of a petition to file claim against an estate after the expiration of a year, under Pub. Laws, cap. 1937, sec. 1, is reviewable upon appeal under Gen. Laws, 1909, cap. 311, §. 1, even if addressed to the discretion of the probate court, for such action is reviewable if it appears that the court acted in abuse of its discretion or that its decision was based upon a mistake as to its powers or upon some other error of law not involving discretion.

(6)   *Probate Courts.   Review.   Discretion.*

Unless contrary provision is made the decree of a probate court, in a matter within its judicial discretion, may be reviewed in the superior court on appeal.   Upon consideration of such appeal that court would be governed by the rule applied by the supreme court that such a decision should not be disturbed unless it is clearly shown that the discretion has been improperly exercised.   *Bennett v. Randall*, 28 R. I., 360, .and *Hyde v. Superior Court*, 28 R. I. 204, distinguished and explained.

PETITION for writ of error to review decree of the Municipal Court of the City of Providence and petition denied.

SWEETLAND, C. J.   This is a petition for a writ of error to be directed to the Municipal Court of the City of Providence, exercising probate jurisdiction, requiring it to certify to this court a certain decree and the record pertaining thereto, that the same may be reviewed upon assignments of error set forth in the petition.   The record has been remitted to us.

It appears that the estate of Julius H. Preston, deceased, is now pending in the Municipal Court.   It does not specifically appear in the record certified, but it was treated by counsel at the hearing as undisputed, and for the purpose of understanding the controversy we shall regard it as established, that the year within which claims against said estate might be filed without special order of the Municipal Court expired on September 9, 1922; that before said date these petitioners had not filed a claim against said estate, and that there had been no distribution of the estate on or prior to August 8, 1923.   It appears from the record that on August 8, 1923, the petitioners filed in the Municipal Court a petition in which they allege that they have a claim against said estate and conclude

with the following: "and now offers the foregoing petition for leave to file said claim against the estate of said Julius H. Preston." By this petition in the Municipal Court, the petitioners sought to avail themselves of one or both of the provisos contained in Section 1, Chapter 1937, Public Laws, January Session, 1920. Said section after providing that "claims not filed within one year of said publication shall be barred" contains the following: "provided that a creditor who by reason of accident, mistake, or unforseen cause has failed to file his claim may at any time before distribution of the estate file his claim, which claim, if allowed, shall be paid out of assets remaining in the hands of the executor or administrator; *provided, also,* that a creditor, who, by reason of any other cause, has failed to file his claim, may, at any time, before the distribution of the estate, petition the probate court for leave to file his claim, and the probate court, after notice to the executor or administrator of the estate, and a hearing on said petition, may, in its discretion, grant leave to file such claim upon such terms, if any, as said court shall prescribe."

Upon the petition the Municipal Court entered the following decree: "Providence, Sc. Municipal Court of the City of Providence. October 26, A. D. 1923. This cause coming on to be heard and it appearing to this court that the case is one which does not merit relief the same is hereby dismissed. Entered as decree by order of the court. Louis D. Richardson, Clerk." It is this decree which the petitioners seek to have this court reverse upon a writ of error.

Before us counsel for petitioners stated that the hearing in the Municipal Court was upon the petitioners' application for relief based upon the first proviso, *i. e.,* that by reason of accident, mistake or unforeseen cause they had failed to file their claim within the year from the first publication. Counsel for respondent executor, however, stated that the hearing consisted solely of an appeal to the

discretion of the court for relief under the second proviso. The petitioners sought to introduce affidavits as to what took place at the hearing in the Municipal Court, and the respondent executor was prepared to offer counter affidavits. Evidence on the part of each was excluded. In this (1) proceeding the court will not receive extrinsic evidence regarding the error alleged but will look solely to the record. *Paterie v. Davignon*, 38 R. I. 585; *Ferrara v. Russo*, 40 R. I. 533.

We are of the opinion that under our liberal practice with regard to proceedings in probate courts, in the absence of an order for particulars, the language of the petition in the Municipal Court was broad enough to warrant an (2) application for relief under either proviso, and that the petitioners were before that court upon both. We interpret the decree as meaning that the petitioners did not merit relief upon any ground within the Court's jurisdiction. Whatever may have been the scope of the hearing in the Municipal Court, however, and whether the decree be regarded as a denial of relief under one or both of said provisos the petitioners are not properly here.

This court has approved the statement that a writ of *certiorari* is in the nature of a writ of error. *McAloon v. License Commissioners*, 22 R. I. 191. In some instances the two writs are not equally appropriate remedies for the review of the proceedings of inferior tribunals. In our practice, however, they are alike in these respects; in the statute conferring jurisdiction upon this court they are classed together as extraordinary writs, Section 2, Chapter 272, Gen. Laws, 1909, and they have always been so treated by this court; neither may be employed for the review of questions of fact, nor for the correction of errors or abuses in courts of inferior jurisdiction where other remedy is expressly provided by law. In a number of cases we have considered the extraordinary nature of the writ of *certiorari*. All that we have said in that regard in those cases apply with equal force to the writ of error as it now exists in this

(3) state. *Cohen v. Superior Court*, 39 R. I. 272; *Parker v. Superior Court*, 40 R. I. 214; *Knoop v. State Board of Health*, 40 R. I. 561; *Chew v. Superior Court*, 43 R. I. 194.

In the statute prescribing the jurisdiction of this court it is provided that "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided." Section 2, Chapter 272, Gen. Laws, 1909. When jurisdiction to correct error in an inferior court is, in the first instance, expressly conferred by statute upon a court other than the Supreme Court, such *original* appellate jurisdiction is exclusive. This construction of the statute is not in conflict with the con-
(4) stitutional provision giving to this court *final* revisory and appellate jurisdiction upon all questions of law and equity, which jurisdiction cannot be curtailed nor impaired by statute. Section 1, Article XII, of Amendments to the Constitution.

Section 1, Chapter 311, Gen. Laws, 1909, provides among other things as follows: "Any person aggrieved by an order or decree of a court of probate may, unless provision be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established." There is 'no contrary provision with regard to a decree similar to the one now under consideration. Question was raised at the hearing as to the petitioners' right of appeal from said decree. The decree bore directly upon the interest of the petitioners. They were within the designation of a "person aggrieved" as that phrase has been construed in *Tillinghast v. Brown University*, 24 R. I. 179. If an appeal be taken from said decree, the petition will be removed from the Municipal to the Superior Court there, under our practice, to be tried *de novo* upon all questions of law and fact. *Vaill v. McPhail*, 34 R. I. 361, pages 370, 372; *Kenyon v. Hart*, 38 R. I. 524. If, as the petitioners contend, the petition was heard in the Municipal Court solely upon the question of accident,

mistake or unforeseen cause preventing the filing of the petitioners' claim within the year, then the decree involved a determination of what in law constitutes a case of accident, mistake, or unforeseen cause and also a decision upon the issue of fact as to whether the evidence presented such a case. These matters are clearly reviewable upon an appeal as provided in the statutes.

The respondent trust company has urged that, as the petition was addressed solely to the discretion of the Municipal Court, under the second of said provisos, the exercise of that court's discretion, expressed in the decree, is not reviewable upon appeal to the Superior Court, nor upon a writ of error in this court. While it is generally true that the action of a court upon matters properly within its discretion will not be reversed upon review, nevertheless, such action is reviewable and will be set aside, if it appears that the inferior court acted in abuse of its discretion, or that its decision was based upon a mistake as to its powers, or upon some other error of law not involving discretion.

In *Emsley v. Young*, 19 R. I. 65, it was held that the action of a Probate Court under its statutory power to "grant letters of administration, with the will annexed, to such persons as the court shall think fit" may be reviewed upon appeal; that the discretion given to the Probate Court is a judicial one to be exercised in view of the circumstances of the case. The same may be said of the discretionary power of the Municipal Court now under consideration. In *Emsley v. Young*, the decree of the Probate Court was reversed. In *National Exchange Bank v. Galvin*, 20 R. I. 159, it was held that a discretion which is judicial and not absolute, is reviewable. In *Hanover Fire Insurance Co. v. Tomlinson*, 58 N. Y. 215, it was held that an order of the special term of the Supreme Court of New York, which was conceded to be discretionary, might be reviewed upon appeal. This case was followed in *Jemison v. Citizens Savings Bank*, 85 N. Y. 546. In our practice, unless contrary provision is made, the decree of a probate court

entered, upon a matter within the judicial discretion of
that court, may be reviewed in the Superior Court upon
(6) appeal. Upon the consideration of such appeal the
Superior Court would be governed by the rule applied by
this court in the review of matters, which have been placed
in the judicial discretion of inferior tribunals, *i. e.*, that a
decision made in the exercise of discretionary power should
not be disturbed, unless it is clearly shown that the discre-
tion has been improperly exercised. As we have said
above, it cannot be determined from the record as to what
was the matter presented to the Municipal Court upon the
petition, nor what was the ground of that court's deter-
mination and decree, but the right of appeal from that
decree has been given by statute. The decision is review-
able in the Superior Court, which has exclusive, original,
appellate jurisdiction in the matter.

The petitioners have called to our attention two cases
in the reports in which the Supreme Court has reviewed
decrees of probate courts upon *certiorari*, although the right
of appeal existed under the statute. As to *Pratt v. Probate
Court*, 22 R. I. 596, in which the court reviewed the decree
of a probate court upon *certiorari*, it should be said
that the case was decided before the enactment of the
court and practice act of 1905 which restricted review in
this court in the first instance to cases in which no other
remedy is expressly provided, and established the Superior
Court with original appellate probate jurisdiction. At
the time of the decision in *Pratt v. Probate Court*, the Su-
preme Court was by statute "the supreme court of probate"
with jurisdiction "of all matters brought before it, by
appeal or otherwise from any court of probate". Section
7, Chapter 221, General Laws 1896. *In Bennett v. Randall*,
28 R. I. 360, decided since the enactment of the court and
practice act, the court reviewed the action of a probate
court upon *certiorari*. It appears in that case, that at the
time of the entry of the decree under review, and also
during the period prescribed for taking appeal from said

decree, the petitioner for the writ was insane, and confined in a hospital for the insane. At the time of filing the petition for the writ he had been adjudged by competent authority to be restored to soundness of mind. *Certiorari* is recognized as a proper method of review in cases where it appears that a person, having the right of appeal, has lost the same through illness, or through accident, for which he was not responsible. This matter was not touched upon in the opinion in *Bennett v. Randall, supra,* but it furnishes a justification for the action of the court, and we must assume that it was not absent from the mind of the court in taking action to review the decree of a probate court entered about ten months before. Commenting upon appellate procedure from probate courts the following language appears in the opinion, "an appeal lies from the decree of a Probate Court to the Superior Court, and thence by bill of exceptions to this court, with substantially the same effect upon the final decision of the case as a claim of jury trial from a District Court to the Superior Court followed by a bill of exceptions to this court in an action at law." This was a recognition of what is the ordinary appellate procedure, following a decree of the probate court. We do not consider *Bennett v. Randall, supra,* as an authority for the claim, that either a *certiorari* or a writ of error in this court is a remedy, concurrent with an appeal to the Superior Court for the review of decrees of probate courts.

The petitioners have also cited to us *Hyde v. Superior Court,* 28 R. I. 204, in which this court in *certiorari* reviewed and reversed the action of the Superior Court upon an interlocutory matter in equity, although the statute provided for an appeal to this court after final decree. The court has justified this action on the ground that, if review had been deferred until the entry of final decree, irreparable injury would result; and that the case presented such circumstances that it might fairly be said that no other remedy, in the sense of an adequate remedy, had been

expressly provided. In our decisions, *Hyde v. Superior Court* stands alone in a distinct class.

The petitioners have also sought to justify their position by reference to our practice upon writs of error. to review alleged errors of law arising in District Courts. Our action in those matters is consistent with the settled practice of the court with regard to extraordinary writs. From the time the judiciary act of 1893 became operative until the court and practice act went into effect in 1905 the Supreme Court was organized in two divisions, the Appellate and the Common Pleas, and the statute provided that in the District Court a party might claim a jury trial to the Common Pleas Division of the Supreme Court, and might also take questions of law by bill of exceptions to the Appellate Division. Under this procedure it was held in *Lewis v. Smith*, 21 R. I. 324, that a party deeming himself aggrieved by a ruling of the District Court, solely upon a question of law, was not properly in the Common Pleas Division upon a claim of jury trial; that his claim of jury trial should be dismissed; and that his remedy was by a bill of exceptions to the Appellate Division. The court and practice act repealed the provision organizing this court in divisions, and established the Superior Court. The procedure for a claim of jury trial from District Courts was continued, the trial to be had in the Superior Court, but the provision for a bill of exception upon alleged error of law arising in a District Court was repealed and no other remedy was substituted. In *Vrooman v. Arnold*, 29 R. I. 478, a case arose in which a party deemed himself aggrieved by the judgment of a District Court based solely upon questions of law. The case of *Lewis v. Smith*, 21 R. I. 324, *supra*, was affirmed, and it was held that a claim of jury trial was not a proper method to bring up questions of law only for review, but that a writ of error was available as an appropriate proceeding. This was on the ground that no other remedy had been expressly provided and the party was without relief save by an extraordinary remedy under this court's

'final revisory and appellate jurisdiction upon questions of law and equity.

The petitioners cannot have the relief which they seek. The petition for writ of error is denied.

*William A. Gunning,* for petitioners.

*Tillinghast & Collins, Harold E. Staples,* for respondent.