EVRIL J. CARLSON *vs.* BENJAMIN M. McLYMAN *et al.*

JUNE 30, 1950.

PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This case involves certain proceedings under public laws 1948, chapter 2083, hereinafter called the act. At a hearing in the superior court the trial justice on his own motion dismissed the case for want of jurisdiction. It is before us on plaintiff's bill of exceptions to that decision and also on defendants' motion in this court to dismiss the bill.

Defendants' motion to dismiss the bill of exceptions raises the real question before us. It appears of record that plaintiff was a police officer of the city of Providence and that defendants were members of the bureau of police and fire of that city, hereinafter called the bureau, which had control of the department. In March 1947 plaintiff was charged by the chief of police with immoral conduct and suspended as a police officer pending a hearing by the bureau, which was thereafter held and at which plaintiff appeared with counsel. On May 23, 1947 the bureau found him guilty as charged and dismissed him as a member of the police department. Nothing further was done in the matter by plaintiff until after April 30, 1948 when P. L. 1948, chap. 2083, went into effect. The act expressly provides that it shall be retroactive to the extent of including decisions of the bureau made after January 1, 1947, which was prior to the date of plaintiff's dismissal from the police department. Although of general application the act apparently was intended to cover the situation in this and a number of other similar cases resulting from an investigation that involved the plaintiff.

In so far as pertinent the act in substance provides that a police officer who has been dismissed by a decision of the bureau from the police department "on charges involving moral turpitude" and considers himself aggrieved thereby

may present to the superior court "a petition duly verified setting forth that such decision is illegal in whole or in part and specifying the grounds of the illegality." The petition must be presented to the court within thirty days after the decision of the bureau. "Upon the presentation of such petition the court *may allow a writ of certiorari*" directed to the bureau to review its decision, the bureau to appear and make return as specified in the writ within a certain time. (italics ours) The act further provides that the allowance of the *writ* shall not stay the effect of the decision appealed from; that the court must either "refuse or affirm wholly" the decision brought up for review; and that the remedy specified in the act was not to be construed as exclusive of any remedy or procedure otherwise available.

The nature and scope of the remedy given by the act are in controversy. Plaintiff contends that the remedy therein provided is equivalent to a petition in equity which, within the allegations of the petition, entitles him to a full review both as to the law and the facts involved in the decision of the bureau. On the other hand defendants contend that the review allowed by the act must be in accordance with the settled practice in certiorari. The fundamental question before us therefore is to determine the meaning of the act.

The following rules of statutory construction, which require no citation of authorities, are applicable in the circumstances. The intent of the legislature as found in the language of the statute should be given effect if reasonably possible. It is not within the province of this court to insert or delete words from a statute unless the necessity to do so is plainly evident in order to carry out the legislative intent. In the absence of definition the words of a statute will be given their usual meaning. Even though a statute is held remedial, which ordinarily would warrant a liberal construction of its terms, the court cannot arbitrarily extend the ordinary meaning of its language. Furthermore, we must assume that the legislature was

conversant with its own prior legislation, especially where a new statute provides the same remedy that already appeared in another statute wherein the scope of such remedy had been determined by this court. Finally, the court is not concerned with matters of mere policy as its duty is to construe the statute and not to redraft it.

For convenience plaintiff's contention may be divided into two parts: the nature of the remedy and the scope thereof. In his discussion of the first point plaintiff stresses the fact that proceedings under the act are commenced by petition to the superior court, and he practically ignores the further provision that thereupon the court may allow a writ of certiorari. His argument, as we understand it, is in effect as follows. Until the passage of the act under consideration the power to issue the prerogative writ of certiorari was vested exclusively in the supreme court; therefore the remedy that the legislature actually intended to provide by the act was a review of the bureau's decision in all its aspects by a petition in equity addressed to the superior court.

The fallacy in that argument is readily discernible. The plaintiff overlooks the fact that jurisdiction conferred on any court by statute may be changed or modified at will by the legislature. The heretofore exclusive jurisdiction of this court in certiorari is to be found in general laws 1938, chapter 495, §2. Since such jurisdiction rests on a statute the legislature unquestionably had the power to grant the same jurisdiction, in whole or in part, to any other court of its choice. It would have been otherwise and in line with plaintiff's argument if jurisdiction in certiorari were vested in this court by the constitution, as for instance its final revisory and appellate jurisdiction. See article XII, section 1, of amendments to the constitution of this state. *Mac-Kenzie & Shea* v. *Rhode Island Hospital Trust Co.*, 45 R. I. 407, 411.

Plaintiff further contends that if the act merely gives him the right to a review of the bureau's decision by certio-

rari and not by a petition in equity then the legislature engaged in an idle gesture and passed a needless statute as he already had the right to apply to this court for such a writ. The soundness of the contention depends upon whether the issuance of the writ by the superior court is mandatory or discretionary. While the act states that the superior court *may* allow a writ of certiorari it does not necessarily follow that the issuance of the writ is thereby left to its discretion. We concede that the ordinary meaning of the word "may" is permissive and not compulsive; yet whether it should be given the latter meaning and construed as "shall" in a given case depends on the intent of the legislature as ascertained from the language, the nature, and the object of the statute. *Nolan* v. *Representative Council*, 73 R. I. 498.

The act here is in essence a special statute which apparently was passed to give plaintiff and others in a similar situation a remedy different from the one available to them under a petition for certiorari to this court. In substance and effect it gives to an aggrieved party an additional remedy, namely, a right of review by certiorari in the superior court. If the superior court were given discretion in the issuance of the writ, as is the case when application therefor is made in this court, plaintiff's contention would be at least plausible. But that is not our view of the act. Here the legislature, in our opinion, intended to give plaintiff a review of the bureau's decision by certiorari in the superior court as a matter of right in contradistinction to his right to apply to this court for such a writ, which would be subject to our discretion.

With the exception of minor changes as to subject matter the portion of the act under discussion adopts verbatim the language of the zoning statute, G. L. 1938, chap. 342, §8(c). It is there provided that upon presentation to the *supreme court* of a petition setting forth that the petitioner was aggrieved by the decision of a zoning board of review the court "may allow a writ of certiorari," which quoted

language if taken literally would have given the petitioner no greater right than he already had. In the circumstances this court, which could not presume that the legislature intended to insert a needless provision in that statute, deemed such language as mandatory in effect and therefore in zoning cases it has consistently allowed its writ of certiorari to issue as a matter of course upon the presentation of a petition by an aggrieved person.

We are of the opinion that a like construction of the present act is called for, thus making it obligatory upon the superior court to issue a writ in the nature of certiorari on presentation of a proper petition in accordance with the act. The mere fact that the action thereunder is initiated by petition does not mean that the legislature intended to give the plaintiff a review of the proceedings before the bureau in the same manner and extent as if the action in the superior court were by a petition in equity, as the plaintiff contends. Since the act itself expressly refers to the remedy as certiorari we think that it authorizes the superior court to review a decision of the board within the limits set by this court in numerous decisions dealing with such writs.

Under our construction of the act it is clear that a party aggrieved by a decision of the superior court cannot ask for a review thereof by this court either by bill of exceptions or by appeal in equity. If in the instant case we followed our settled practice respecting bills of exception the defendants would be entitled to prevail on their motion to dismiss plaintiff's present bill. However, if the case were now remitted to the superior court with such a decision the plaintiff would be unnecessarily delayed in obtaining the review which the act expressly intended to give and which the trial justice denied on jurisdictional grounds. In such unusual circumstances the only other remedy open to him to secure a review of the board's decision would be to file a petition with this court for its extraordinary writ of certiorari to review the trial court's decision in refusing

to entertain the petition. In our judgment the delay incident to such procedure would substantially and unnecessarily defeat a primary purpose of the act.

Considering that the act has never been previously construed, that the case is one of first impression thereunder, that the act was expressly made retroactive apparently to grant a certain type of review to the plaintiff and others after a past occurrence and makes no provision for ordinary appellate proceedings, and that apparently the parties and trial court all held different views of the procedure and legal effectiveness thereof, we deem it our duty in the interest of settling the practice under P. L. 1948, chap. 2083, to invoke and apply the provisions of G. L. 1938, chap. 495, §2. That section invests this court with general supervision of all courts of inferior jurisdiction "to correct and prevent errors and abuses therein when no other remedy is expressly provided * * *."

In our judgment justice requires that the plaintiff, without further and unnecessary delay, be given the benefit of the review contemplated by the express provisions of the act. To that end, because of the extraordinary and peculiar circumstances in the case and the further fact that the entire record is before us as fully as if it were certified upon a writ of certiorari, we have treated the present bill of exceptions as the equivalent of a writ of certiorari issued by this court for the sole purpose of reviewing the decision of the trial justice about which complaint is made. After consideration thereof we find that the trial justice erred in refusing to accept jurisdiction of plaintiff's petition for a review of the board's decision dismissing him as a member of the Providence police department.

For the reasons stated, defendants' motion to dismiss plaintiff's bill of exceptions is denied, the record of the superior court dismissing plaintiff's petition for want of jurisdiction is quashed, and the case is remitted to that court with direction to hear and determine such petition

in accordance with the provisions of public laws 1948, chapter 2083, as construed in this opinion.

*William B. Sweeney, Everett D. Higgins, John J. Doyle,* for plaintiff.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for defendants.