**Seth GROSS**

v.

**STATE of Rhode Island, DIVISION OF TAXATION.**

No. 94–489–M.P.

Supreme Court of Rhode Island.

June 8, 1995.

David Cicilline, Providence, for plaintiff.

James Cambio, Legal Officer, Taxation, Marcia McGair Ippolito, Chief Legal Officer, Taxation, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to the taxpayer's common-law petition for the issuance of a writ of certiorari. The petition was granted, and an order was entered directing the parties to appear and show cause why the issues should not be summarily decided. The court directed the parties to present argument on the propriety of the District Court decision dismissing the petitioner's motion for prepayment exemption pursuant to G.L.1956 (1985 Reenactment) § 8–8–26.

 In June 1991, petitioner, Seth Gross, pleaded nolo contendere to a charge of marijuana possession with intent to deliver. He was subsequently given a two-year suspended sentence. In February 1992 the State of Rhode Island Division of Taxation sent petitioner a tax bill plus penalty in the form of a jeopardy assessment on the marijuana totaling $7,149.80. The petitioner requested and received a hearing in which the hearing officer upheld the assessment. In June 1993 petitioner filed a complaint in the District Court to challenge the assessment and moved pursuant to § 8–8–26 for an exemption for the prepayment requirement. That statute, however, provides that a prepayment motion must be set down for hearing by the taxpayer within twenty days after the answer to the complaint has been filed, and here this was not done.

Section 8–8–25 provides in part:

"(a) Any taxpayer aggrieved by a final decision of the tax administrator concern-ing an assessment, deficiency or otherwise may file a complaint for redetermination of said assessment, deficiency or otherwise in the [District Court] as provided by statute under title 44.

(b) The complaint shall be filed within thirty (30) days after the mailing of notice of said final decision and shall set forth the reasons why said final decision is alleged to be erroneous and praying relief therefrom."

However, as a prerequisite to filing such a complaint, a taxpayer must comply with other statutory provisions, which provide, in pertinent part:

"A taxpayer's right to file a complaint pursuant to § 8–8–25 for review of a final decision of the tax administrator ordering an assessment, deficiency or otherwise *shall be conditional upon prepayment of all taxes, interest and penalties set forth in said assessment, deficiency or otherwise; Provided, however, that in lieu of said prepayment, the taxpayer may file together with his or her complaint a motion for an exemption from the prepayment requirement. The taxpayer shall set said motion down for hearing within twenty (20) days after the answer to the complaint is filed; otherwise, the motion shall be deemed to be denied. * * * If the motion is denied, the taxpayer shall make prepayment within thirty (30) days of the entry of the court's order denying the motion; otherwise, the complaint shall be dismissed upon motion of the tax administrator."* (Emphasis added.) Section 8–8–26.

Compliance with this provision is mandatory since the Legislature's repeated use of the word "shall" permits no other conclusion. *Carlson v. McLyman,* 77 R.I. 177, 182, 74 A.2d 853, 855 (1950); *Nolan v. Representative Council of Newport,* 73 R.I. 498, 502–05, 57 A.2d 730, 732–34 (1948). Every word, sentence or provision in a statute is presumed to have some useful purpose and is intended to have some force and effect. *State v. Reis,* 430 A.2d 749 (R.I.1981); *Providence Journal Co. v. Mason,* 116 R.I. 614, 359 A.2d 682 (1976). Words used in a statute are to be given their plain and ordinary

672

meaning. *McGee v. Stone*, 522 A.2d 211, 216 (R.I.1987).

■ The requirements of § 8–8–26 explicitly set forth the statutory prerequisites for review. If the taxpayer fails to comply with these prerequisites, the taxpayer has no right to judicial review of an administrative decision.

■ The taxpayer here acknowledges that he did not comply with the requirement that he set down his motion for prepayment exemption within twenty days of the tax administrator's answer. It is also clear that he did not make prepayment of the assessment within thirty days of the entry of the court's order denying the prepayment exemption. The District Court, therefore, correctly denied petitioner's appeal.

■ We would note, however, that the District Court's dismissal on the ground that it lacked jurisdiction to hear the case was error. The District Court has the jurisdiction to hear complaints of taxpayers seeking review of tax assessments. This petitioner simply failed to invoke the jurisdiction of the District Court; therefore the petitioner was not entitled to a hearing. This court will affirm the orders and judgments of a trial court when the reasons given by the trial court are erroneous in circumstances in which there are other valid reasons to support the order or judgment appealed from. *Ambeault v. Burrillville Racing Association*, 118 R.I. 310, 315, 373 A.2d 807, 809 (1977).

For these reasons the petition for certiorari is denied, and the writ previously issued is quashed. The judgment of the District Court is affirmed, and the papers of the case are remanded to the District Court with our decision endorsed thereon.

BOURCIER, J., did not participate.