STATE

v.

## Ronald L'HEUREUX.

### No. 95–106–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Aaron Weisman, Providence.

Paula Rosin, Richard Casparian, Providence.

### ORDER

This case came before the court for oral argument after full briefing by the parties in respect to two issues raised by the defendant. The first issue related to asserted violations by the state in failing to provide exculpatory evidence to the defendant pursuant to the mandate of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Essentially the defendant asserts that certain records of complaints made by him to the Rehoboth police department were not furnished to him in accordance with his requests for discovery pursuant to Rule 16 of the Superior Court Rules of Criminal Procedure and also pursuant to the *Brady* doctrine. The trial justice rejected his claim on the ground that this information was as available to him as it was to the state. However, in the course of the filing of briefs and at oral argument the state has maintained as a result of information given to it by the attorney who prosecuted the case in Superior Court (Joshua Walls, Esquire), that in fact the material from the Rehoboth police department was furnished to counsel for the defendant in the course of the trial and was used by him in his cross-examination to the extent that he felt appropriate.

---

The defendant argues that the court should not take this information into consideration because it was not raised before the Superior Court. The state counters that any information that might sustain the decision of the trial justice is admissible at the appellate level citing *Jordan v. Jordan,* 586 A.2d 1080 (R.I.1991); *In re Joseph J.,* 465 A.2d 150 (R.I.1983) and most recently *Gross v. State,* 659 A.2d 670 (R.I.1995).

Although this principle is correct as a matter of law, it is not the function of this court to determine questions of fact. In light of the objection raised by defendant to the statement set forth in the appendix to the state's brief, we are of the opinion that this case should be remanded to the Superior Court for determination of the factual issue. That issue may be stated as whether the prosecutor at the time of trial furnished this information to counsel for defendant. If the answer to that question is in the affirmative, then the constitutional argument pursuant to *Brady* or the argument respecting Rule 16 would be conclusively rebutted. If the answer is in the negative, then the court would proceed to decide the case on the same basis as did the trial justice. Since this issue is of significant importance to our determination, we shall not attempt to decide any other issues at this time raised by this appeal.

For the reasons stated, the papers in this case are remanded to the Superior Court with directions to the trial justice to hold whatever hearings may be necessary and to make factual findings on the question whether the material relating to the Rehoboth police reports was provided to the defendant as per his requests. Upon completion of said factual findings, the papers in the case should be remanded to this court for further consideration on defendant's appeal.