Mary Joy BORSAY

v.

STATE of Rhode Island, Timothy Keeney, in His Capacity as Director of Department of Environmental Management, and Robert Carl, in His Capacity as Director of Department of Administration.

No. 97–17–Appeal.

Supreme Court of Rhode Island.

March 13, 1998.

Joel D. Landry, Providence.

Patricia Solomon Lucarelli, John J. Turano, Providence.

**ORDER**

This case came before the Supreme Court on March 9, 1998, pursuant to an order directing both parties to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff, Mary Joy Borsay, has appealed the dismissal of her complaint against the defendants, the State of Rhode Island, Timothy Keeney, in his capacity as Director of the Department of Environmental Management,[1] and Robert Carl, in his capacity as Director of the Department of Administration. Having heard the arguments of counsel after studying their memoranda, we conclude that cause has not been shown. Therefore, we shall decide the case at this time.

The facts pertinent to the instant case are not in dispute. Since 1989 plaintiff had held the position of State Firearms Safety Coordinator within the Department of Environmental Management (DEM), a position in the classified service. Prior to that time, she had served in this position for thirteen years on a contract-for-services basis. On or about December 4, 1995, plaintiff was notified that she was being "bumped" or displaced from her position by a more senior state employee pursuant to a provision of the collective bargaining agreement (agreement) between

Rhode Island Council 94, AFSCME, AFL–CIO (union) and the state. As a member of the union, plaintiff filed a grievance in respect to the "bumping." Pursuant to § 25.3 of the agreement, plaintiff had a choice between processing a grievance or seeking review by the Personnel Appeal Board.

Following a hearing on plaintiff's grievance, the Deputy Labor Relations Administrator issued a letter dated January 22, 1996, determining that the senior employee who had displaced plaintiff was qualified for plaintiff's (former) position and that, as such, plaintiff's grievance was denied. Though the union was empowered by the agreement to proceed to arbitration, it elected not to do so.

On April 5, 1996, plaintiff filed a complaint in the Superior Court alleging that defendants had removed her from her classified state employment position "without cause" in violation of state law. The plaintiff sought, inter alia, restoration to her former position, lost wages and benefits, and punitive damages. The defendants moved to dismiss the complaint. Following a hearing on the motion before a justice of the Superior Court, defendants' motion was granted. The ensuing order dismissed plaintiff's complaint for lack of subject matter jurisdiction, failure to state a claim upon which relief may be granted, and failure to exhaust administrative remedies. The plaintiff's appeal is before us.

Generally, a party aggrieved by an agency may not seek judicial relief unless all administrative remedies have been exhausted. *Greenwich Bay Yacht Basin Associates v. Brown*, 537 A.2d 988, 992–93 (R.I.1988); *Mikaelian v. Drug Abuse Unit*, 501 A.2d 721, 725–26 (R.I.1985). Section 25.3 of the agreement provided plaintiff with two options when she was notified of her displacement:

"A Civil Service employee may process their grievance through *either* the grievance procedure *or* before the Personnel Appeal Board. However, the initiation of a matter before the Personnel Appeal Board shall be deemed a waiver of the employee's right to utilize or continue to

1. Subsequent to the filing of plaintiff's complaint, Mr. Keeney resigned as Director of DEM and

was replaced by Andrew McLeod.

utilize the grievance procedure provided herein with respect to that matter." (Emphases added.)

Moreover, pursuant to G.L.1956 § 36–4–42, plaintiff had thirty days from notification of the "bumping" in which to appeal the action to the Personnel Appeal Board. A careful reading of §§ 25.2(a-d) of the agreement reveals that, given the prescribed time periods for the various enumerated stages of the union grievance process, a decision of the Labor Relations Administrator may or may not be rendered within thirty days of the employee's notification of the adverse action complained of. More importantly, § 26.1 of the agreement specifically provides that the union or the state, but not the aggrieved employee, may elect to pursue arbitration following the decision of the Labor Relations Administrator.

The plaintiff made an informed decision to pursue the union grievance option. At no time during the prescribed time period did she initiate a matter before the Personnel Appeal Board. Had plaintiff elected to pursue her claim before the Personnel Appeal Board and been unsatisfied with the outcome of that process, she could have availed herself of the option of appealing to the Superior Court, pursuant to the Administrative Procedures Act. G.L.1956 § 42–35–15. Moreover, subsequent to the union's decision not to proceed to arbitration, plaintiff had the option of pursuing a claim against the union for inadequate representation but did not do so.

In granting defendants' motion to dismiss, the Superior Court justice informed plaintiff that she had "not exhausted your right to have a hearing officer and the Personnel Appeal Board review the * * * grievance." While this statement is, as a technical matter, incorrect—because plaintiff clearly had no administrative remedy available to her at that point—we affirm the trial justice's ultimate conclusion that "[r]eview in this court of administrative hearings is by of the Administrative Procedures Act and not by way of an independent action." We do so in keeping with our precedent of "affirm[ing] the orders and judgments of a trial court when the reasons given by the trial court are erroneous in circumstances in which there are other valid reasons to support the order or judgment appealed from." *Levine v. Bess Eaton Donut Flour Co., Inc.*, 705 A.2d 980, 984 (R.I. 1998) (per curiam) (citing *Gross v. State, Division of Taxation,* 659 A.2d 670, 672 (R.I. 1995) (per curiam)).

We therefore deny and dismiss the plaintiff's appeal and affirm the order of the Superior Court, to which we remand the papers in this case.